FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

JAN 15 2020  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

KEITH TERRELL BUTLER,

Plaintiff,

**MEMORANDUM & ORDER**
19-CV-6754 (WFK)

v.

SUFFOLK COUNTY *et al.*,

Defendants.

-------------------------------------------------------------

WILLIAM F. KUNTZ, II, United States District Judge:

Plaintiff, currently incarcerated at Marcy Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983 alleging that, while he was detained in the Suffolk County Correctional

Facility, located in Riverhead, New York ("Riverhead Suffolk County Jail"), Defendants

violated his constitutional rights. By Order dated November 25, 2019, the action was transferred

to the Court from the United States District Court for the Southern District of New York. Named

as defendants are Suffolk County; Suffolk County Sherriff's Office; Suffolk County Sherriff

Errol D. Toulon, sixteen Riverhead Suffolk County Jail employees: Justin Francis, Alex,[1]

Edwards,[2] CO #1688, CO #1491, CO 1639,[3] Area Sergeant John Doe; Lt. John Doe, John Doe

Correctional Officers 1–8; James L. Tomarken, Commissioner of Health Services, and attorney

James A. Hanshe.

---

[1] It is unclear if this is a first name or a last name. Plaintiff provides no further
identifying information about Alex.

[2] It is unclear if this is a first name or a last name. Plaintiff provides no further
identifying information about Edwards.

[3] Although not listed in the caption, Plaintiff repeatedly mentions "CO 1639" in the body
of his Complaint. *See, e.g.*, Compl. at 6. He should be included among the Suffolk County
Corrections Officers that the Suffolk County Attorney's Office is requested to identify.

1

Plaintiff's claims against defendants Suffolk County, Suffolk County Sheriff's Office, Sheriff Errol Toulon, James L. Tomarken, Commissioner of Suffolk County Department of Health Services, and Joseph A. Hanshe are dismissed, but his claims against all other defendants may proceed for the reasons set forth below.

## I.    Background

Plaintiff alleges that he was detained at Suffolk County Sheriff's Office Riverhead Correctional Facility ("Riverhead Suffolk County Jail") from June 14, 2018 to January 16, 2019. On September 19, 2018 at 8:15 P.M. in "4 southeast," plaintiff alleges he was assaulted and badly beaten by the following defendant Riverhead Suffolk County Jail correction officers: Justin Francis, Alex, Edwards, #1688, #1491, #1639, four John Doe correction officers, Sergeant John Doe, and Sergeant #283. He alleges that "C. Crew Lt" ordered the assault and Lt. John Doe watched it happen and did not intervene. Plaintiff was sent to Peconic Bay Medical Center for treatment of his injuries—skull, facial, and ankle fractures, finger strain, and broken front teeth—and returned to the jail with crutches and a cast on his left foot.

Butler further alleges that on the next day, September 20, 2018, in an elevator of the jail, he was assaulted and beaten again by some of the same corrections officers: Francis, Edwards, Alex, and two John Doe officers. He was again taken to Peconic Bay Medical Center for treatment of his injuries: a fractured right ankle, broken jaw, and lost teeth. Thereafter he was unattended inside of the infirmary. In addition, plaintiff challenges the following prison conditions at the Riverhead Suffolk County Jail: unsafe environment; inadequate law library and facilities; inadequate mail facilities; inadequate and unsanitary housing. He seeks damages and

2

declaratory relief for the denial of his constitutional rights including, *inter alia,* deliberate indifference to his serious medical needs.

## II. Discussion

### a. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *Liner v. Goord,* 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191–93 (2d Cir. 2008). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not

required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Butler brings this action pursuant to 42 U.S.C. § 1983. To sustain a claim brought under Section 1983, Butler must allege that (1) "the conduct complained of . . . [was] committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir.1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### b. Municipal Liability

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of N.Y. City,* 436 U.S. 658, 690–91 (1978); *Roe v. City of Waterbury,* 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash v. Cty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011) (quoting *Connick v. Thompson,* 563 U.S. 51, 60 (2011)); *see also Monell,* 436 U.S. at 690–91. Local governments may also "be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not

4

received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91.

Here, even affording the *pro se* Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Complaint against Suffolk County is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b)(1).

Butler's claims against the Suffolk County Sheriff's Office are also dismissed for failure to state a claim on which relief may be granted because, as an administrative arm of the municipality, it does not have a legal identity separate and apart from Suffolk County and, therefore, cannot sue or be sued. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Barreto v. Suffolk Cty.*, 10-CV-0028, 2010 WL 301949, at *2 (E.D.N.Y. Jan. 20, 2010) (Seybert, J.).

### c.   Claim Against Supervisory Defendants

Although Plaintiff names Suffolk County Sherriff Errol D. Toulon Jr. and James L. Tomarken, Commissioner of Suffolk County Department of Health Services, there are no factual allegations concerning them. Plaintiff seeks to hold them liable for subordinates' actions or failure to act, that is, solely because of the supervisory positions they hold. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'") (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010). Consequently, the Section 1983 claims asserted against Sheriff Toulon and Commissioner Tomarken are not

plausible and are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Farid,* 593 F.3d at 249; *Farrell,* 449 F.3d at 484; *Iqbal,* 556 U.S. at 676.

### d. Defendant Joseph A. Hanshe

Plaintiff also asserts Section 1983 claims against his criminal defense attorney, James A. Hanshe. "It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims." *Licari v. Voog,* 374 F. App'x 230, 231 (2d Cir. 2010) (citing *Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir. 1997)); *Cooper v. Barnet,* 15-CV-1498, 2015 WL 4619993, at *3 (E.D.N.Y. July 30, 2015) (Seybert, J.) (Whether defense counsel was privately retained or was appointed by the Court to defend plaintiff in the underlying criminal case is "immaterial because attorneys generally do not act under color of state law."). Because plaintiff has failed to plead any facts that would support a finding that Hanshe was acting under color of state law at the time of the alleged civil rights violations, plaintiff's claims against him are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### e. Request for Counsel

Plaintiff's request for *pro bono* counsel is denied without prejudice. "[I]t is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444, 453 (2d Cir. 2013) (citations omitted). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Court,* 490 U.S. 296 (1989). Rather, the Court may only request an attorney to volunteer and looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. The first consideration is whether the plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 204 (2d Cir. 2003). At this early stage of the litigation, plaintiff's

Complaint does not establish the threshold requirement that plaintiff's claims are "likely to be of substance." Accordingly, plaintiff's request for *pro bono* counsel is denied without prejudice.

### III. Conclusion

Accordingly, the Complaint is *sua sponte* dismissed against Suffolk County, Suffolk County Sheriff's Office, Sheriff Errol Toulon, James L. Tomarken, Commissioner of Suffolk County Department of Health Services and Joseph A. Hanshe for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of Court is respectfully requested to amend the caption to reflect their dismissal.

Plaintiff's claims against the remaining defendants, including the unidentified individual Defendants shall proceed and the Court ORDERS service of the Summons and Complaint upon these Defendants by the USMS. The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified Suffolk County Corrections Officers who are described in the Complaint and to provide the names and address(es) where these Defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, an amended Summons shall be issued as to these Defendants, and the United States Marshals Service shall serve them.

Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 14, 2020
      Brooklyn, New York