UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
KEITH TERRELL BUTLER,                                    :
                                                         :
                                    Plaintiff,           :
                                                         :          **REPORT AND RECOMMENDATION**
                    -against-                            :
                                                         :             2:19 Civ. 6754 (WFK) (VMS)
                                                         :
JUSTIN FRANCIS, CORRECTIONAL                             :
OFFICER ALEX MYLETT, MAX                                 :
EDWARDS, CORRECTIONAL                                    :
OFFICER, SERGEANT BRIAN                                  :
LOPICOLLO, C. CREW, LIEUTENANT                           :
ROBERT PERAINO, CORRECTIONAL                             :
OFFICER JOHN DOE #1,                                     :
CORRECTIONAL OFFICER JOHN DOE                            :
#2, CORRECTIONAL OFFICER JOHN                            :
DOE #3, CORRECTIONAL OFFICER                             :
JOHN DOE #4, CORRECTIONAL                                :
OFFICER JOHN DOE #5,                                     :
CORRECTIONAL OFFICER JOHN DOE                            :
#6, CORRECTIONAL OFFICER JOHN                            :
DOE #7, CORRECTIONAL OFFICER                             :
JOHN DOE #8, JOHN REIN, ROBERT                           :
MENNELLA, CORRECTION OFFICER                             :
MICHAEL STAWECKI,                                        :
                                                         :
                                    Defendants.          :
-------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

      Pending before the Court is Defendants' motion to dismiss Plaintiff's action for want of

prosecution under Federal Rule of Civil Procedure (FRCP) 41 and failure to comply with

discovery orders under FRCP 37.  ECF Nos. 43, 47.  Plaintiff has not opposed the motion despite

three notices from the Court that a response was necessary.  ECF Orders 11/08/22, 10/7/22,

9/30/22.  For the reasons set forth below, the Court respectfully recommends that Defendants'

motion be granted, and the action be dismissed for want of prosecution and as a discovery sanction.

## 1. BACKGROUND

### a. Communications And Contact With Plaintiff

#### i. 2019-2020

Plaintiff filed this action pro se in the Southern District of New York in November 2019, while he was incarcerated.  ECF Nos. 1, 2.  Plaintiff sued numerous Defendants, including Suffolk County and related departments, facilities and officials, including correctional officers.  ECF No. 1.  He alleged that in September 2018, he was deprived of his civil rights when 1) correctional officers used excessive force against him; 2) the officers and the facility then failed to provide him with necessary medical care; 3) his attorney failed to represent him properly and he could not properly represent himself because of, inter alia, the poor law library and mail facilities; and 4) conditions at the County correctional facilities were unsanitary.  ECF No. 1 at pages 5-7, 12-25 [pdf pages].  The case was transferred to the Eastern District of New York.  ECF No. 5.  The District Court granted Plaintiff's motion for in forma pauperis status, ECF Order 12/18/19; denied Plaintiff's motion for appointment of counsel, ECF Order 12/18/19; and dismissed some of Plaintiff's claims against some parties sua sponte, ECF No. 11.  Some Defendants were served and answered, ECF No. 15; they were represented by attorneys from the Suffolk County Attorney's Office.

By Order dated February 25, 2020, the undersigned scheduled a telephone conference[1] for March 17, 2020, ECF Order 2/25/20, which Defendants' counsel moved to adjourn, ECF No.

---

[1] In light of Plaintiff's incarcerations and health issues, and the COVID-19 pandemic, all of the Court's conferences in this case were scheduled as telephone conferences.

16.  The telephone conference was rescheduled to, and held on, March 18, 2020.  ECF Orders 2/26/20, 3/17/20; ECF Minute Entry 3/18/20.  During the telephone conference, the Court addressed service issues.  ECF No. 17.  The Court noted that COVID-19 circumstances might lead the parties to require additional time to litigate the action.  Id.  Plaintiff participated in the telephone conference on March 18, 2020.  ECF Minute Entry 3/18/20.  During the next few months, the Suffolk County Attorney's Office identified John Doe Defendants, handled service issues, and filed an amended answer.  ECF Order 6/25/20; ECF No. 22.   The Court held a telephone conference with Defendants' counsel and Plaintiff on November 4, 2020.  ECF Minute Entry 11/4/20.  During the November conference, the Court scheduled a February 2021 follow-up conference.  Id.

### ii.  2021

Plaintiff failed to appear for the telephone conference scheduled for and held on February 23, 2021.  ECF Minute Entry 2/23/21.  During the telephone conference, Defendants' counsel informed the Court that Plaintiff had been released from correctional custody in December 2021. Id.  The Court observed that Plaintiff had not updated his contact information with the Court. ECF Order 2/23/21.  The Court located Plaintiff's New York State parole officer's contact information and mailed a copy of the February 23, 2021 Order to Plaintiff care of Plaintiff's parole officer.  Id.  In the February 23rd Order, the Court scheduled a March conference.  Id. Plaintiff did not appear for the March 25, 2021 telephone conference, and Defendants' counsel proposed that Defendants would file a motion to dismiss for lack of prosecution.  ECF Minute Entry 3/25/21; ECF Order 3/25/21.

Defendants did file a letter motion to dismiss for want of prosecution, ECF No. 27, and the District Court ordered Plaintiff to respond within approximately one month, informing

Plaintiff that "Plaintiff may face dismissal of this action for failure to prosecute, pursuant to Fed. R. Civ. Pro. Rules 37 and 41, should he neglect to: cooperate in discovery, comply with the orders of the Court, and update his address on file."  ECF No. 28.  The Court mailed the Order to Plaintiff at the Green Haven Correctional Facility (the address used by Defendants to serve the motion), but the mailing was returned as undeliverable.  ECF No. 29.  On April 20, 2021, Plaintiff filed a notice of change of address, ECF No. 30, although he had been released from custody more than four months earlier on December 1, 2021, id.  The Court mailed Defendants' motion to dismiss, the District Court's March 31, 2021 Order and the docket sheet to Plaintiff's new address in Port Jefferson Station.  In August 2021, Plaintiff filed another change of address notice for the Yaphank Correctional Facility; he explained that he had not been able to participate in the litigation because of health and family issues.  ECF No. 31.

The Court scheduled a telephone conference, and the Court mailed notice of the conference to Plaintiff at the Yaphank Correctional Facility.  ECF Order 9/9/21.  Plaintiff again wrote to the Court, ECF No. 32, and the Court again mailed to Plaintiff a notice of the upcoming telephone conference and other materials, ECF Order 9/24/21.  The Court held the October 5, 2021 telephone conference, which Plaintiff attended, and addressed discovery issues; the Court reminded Plaintiff to keep the Court informed of any address changes.  ECF Minute Entry 10/5/21; ECF Order 10/5/21.  During the telephone conference, Defendants' counsel withdrew the first motion to dismiss for lack of prosecution and discovery sanctions.  ECF Minute Entry 10/5/21.  The Court mailed Plaintiff a notice of the next telephone conference, as well as a copy of the pro se litigation manual prepared by the Southern District of New York.

In late November 2021, Plaintiff mailed a letter to the Court about discovery issues, ECF No. 35, but Plaintiff failed to appear for the December 14, 2021 telephone conference, ECF

Minute Entry 12/14/21.  Defendants' counsel informed the Court that Plaintiff had been released from custody on December 6, 2021, but that Defendants' counsel did not have a new address for Plaintiff.  ECF Order 12/14/21.  The Court issued an Order that included the following and mailed the Order to Plaintiff care of his parole officer:

> On or before January 14, 2021, Plaintiff is ORDERED to submit a letter to the Court with a copy to Defendants' counsel providing his current contact information and a statement as to whether he wishes to continue to litigate this action.  Plaintiff is informed that failure to comply with the Court's orders, including by keeping his address current and participating in telephone conferences, may result in the dismissal of the action for want of prosecution.

ECF Order 12/14/21.

### iii.  2022

Plaintiff then provided the Court with a new address, ECF No. 16, and the Court scheduled another telephone conference and mailed the notice of the telephone conference to Plaintiff at his Port Jefferson and Port Jefferson Station addresses, ECF Order 1/3/22.  The Court conducted the January 26, 2022 telephone conference, but Plaintiff did not appear.  ECF Minute Entry 1/26/22.  During the conference, Defendants' counsel informed the Court that although counsel had served Defendants' discovery on Plaintiff for a third time, they had only received a partial compliance with the requests.  ECF No. 48 (Tr. 3:9-15).

The Court scheduled another telephone conference and included in the Order the following: "Plaintiff is informed that failure to participate in court telephone conferences may result in the dismissal of the action for want of prosecution."  ECF Order 1/26/22; see also ECF No. 48 (Tr. 3:16-22; 4:21-23 "And Mr. Butler is informed his failure to participate in discovery and/or Court[-]ordered conferences may result in dismissal of this action for want of prosecution.").  The Court mailed the Order to Plaintiff's two addresses.

The Court rescheduled the telephone conference, then held the April 13, 2022 telephone conference in which Plaintiff participated.  ECF Minute Entry 4/13/22.  During the telephone conference, the Court told Plaintiff: "We have to start with your responsibilities.  You're the plaintiff.  You started the lawsuit.  We need to know where you are so that you can get the notices."  ECF No. 49 (Tr. 5:2-5).  Defendants' counsel informed the Court that the last communication relating to discovery production that Defendants had received from Plaintiff was dated October 31, 2021.  Id. (Tr. 10:2-6).  Defendants' counsel stated that Defendants had never received a response to Defendants' document request but had received interrogatory responses.  Id. (Tr. 10:18-25, 14:1-6).  Plaintiff stated that he had responded to the document requests.  Id. (Tr. 12:22-24).  The Court directed Plaintiff to respond in writing to Defendants' document requests.  ECF No. 49 (Tr. 23:12-14).  Plaintiff and Defendants' counsel made arrangements for Plaintiff to review certain discovery at Defendants' counsel's offices, and the Court scheduled another telephone conference.  ECF Order 4/13/22; ECF No. 49 (Tr. 15:17-17:18; 21:17-22).  The Court mailed the Order to Plaintiff's Bay Shore address.

Plaintiff participated in the May 16, 2022 telephone conference, ECF Minute Entry 5/16/22, during which the Court discussed discovery and scheduled a follow-up telephone conference, ECF Order No. 39.  During the conference, Defendants' attorney described her efforts to coordinate Defendants' production with Plaintiff, and Plaintiff's decision to pick up a copy of the discovery.  ECF No. 50 (Tr. 3:4-15).  Plaintiff stated that he did not have the machinery needed to read the disk that Defendants had produced.  Id. (Tr. 3:18-21).  Defendants' counsel stated that Plaintiff had not provided Defendants with his document responses to date.  Id. (Tr. 3:13-15).  Plaintiff acknowledged that he had not made his document production but stated that he would be making it within two weeks.  Id. (Tr. 4:4-6, 18-20; 5:14-17).  The Court

confirmed that Plaintiff had to make the document responses.  Id. (Tr. 8:11-13).  The new

deadline for the document production was June 3rd so that Defendants' counsel would receive the

responses in time to be prepared for Plaintiff's August deposition.  Id. (Tr. 13:3-7; 18:14-17).

The Court updated Plaintiff's contact information to a Port Jefferson Station address.  Id.

Plaintiff and Defendants' counsel wrote to the Court about discovery disputes, and Plaintiff

requested an appointment of counsel.  ECF Nos. 40, 41.

    The Court held the previously scheduled July 21, 2022 telephone conference, but

Plaintiff did not appear.  ECF Minute Entry 7/21/22.  During the telephone conference,

Defendants' counsel informed the Court that Plaintiff had not kept his appointments with

Defendants' counsel to review discovery, and that Defendants' counsel had been unable to reach

Plaintiff.  ECF Order 7/21/22.  The Court's Order, which was mailed to Plaintiff, included the

following:

> The Court conducted a discovery telephone conference by telephone on
> 7/21/2022.  Plaintiff did not appear despite having been mailed the scheduling
> order in May and having been informed of the date during the 5/16/2022
> Telephone conference.  The Court attempted to reach Mr. Butler by telephone, but
> the line did not pick up, and by email, but the email bounced back as
> undeliverable.  During today's telephone conference, the Court reviewed the
> numerous delays in the case occasioned by Mr. Butler's circumstances, failure to
> communicate with the Court, failure to participate in Court telephone conferences,
> and failure to conduct discovery despite the repeated rescheduling of the
> discovery deadlines that the Court has made to accommodate Mr. Butler.  The
> Court will order a copy of the transcript of today's proceedings and will mail it to
> Mr. Butler when it is available.  Mr. Butler is directed to read the transcript so that
> he is fully aware of the narrative summary of the docket history.
>
> Should Mr. Butler continue to fail to participate in this action by, among other
> things, not participating in Court telephone conferences, not responding to
> discovery requests and not issuing discovery requests himself, and not making
> himself available for a timely deposition by the County attorney, the Court is
> likely to recommend that this action be dismissed should the County move to
> dismiss for failure to prosecute.  The Court has given exceptional latitude to Mr.
> Butler in light of his incarceration, housing issues and health concerns, but this
> remains his case, which he must prosecute if he wishes to continue the litigation.

It has become unreasonable for Mr. Butler to expect further accommodation except if exigent circumstances arise.  If such circumstances present challenges to Mr. Butler, he must communicate expeditiously with the Court and Defendants' counsel.

Defendants' counsel reported that Mr. Butler had been in touch with her office about viewing the electronic files on a County computer, but that he was only ever able to come to the County offices in the late afternoon, which gave him insufficient time to review the materials at the County offices.  Mr. Butler was provided with an electronic copy of the records by the County, although the Court notes that Mr. Butler had previously expressed that he lacked access to a sufficiently modern computer to be able to review such records.  Mr. Butler is to communicate with Defendants' counsel so that he can review the electronic records, if he has not already done so.

It was the Court's intention to hear from Mr. Butler and Defendants' counsel on the motions at 40 and 41 today, but as Mr. Butler did not participate, oral argument was not heard. The Court will consider the submissions without oral argument.

ECF Order 7/21/22.  The Court again informed Plaintiff that he must update the Court about any change in contact information.  Id.  On July 25, 2022, the Court mailed Plaintiff at his Port Jefferson Station address and emailed Plaintiff a copy of the transcript of the July 2022 hearing, as well as a copy of the docket.  In the transcript of the July conference, the Court had stated the following:

On the other hand, this is his case.  It's his responsibility to move it ahead. The Court has, I would say, painstakingly explained to him how the discovery process works.  Given this kind of case, the records are particularly important to try to understand exactly what happened and what, if any, causation there is for his claimed injuries and resolve the case.

And similarly, my impression is the county – you have also had conversations with Mr. Butler about trying to work these things out.  For example, what you touched on earlier, which we talked about last time, which was this mismatch between electronic records and Mr. Butler's access to a computer system to read those records.  And, you know, you made the system available to him, as you have described.  And you tried to wait for him to do it on his own by taking the discs and, you know, we don't know where that process is at except that you haven't heard from him.

8

So you know, there are concrete dates that have been set, have been revised in light of these various circumstances, but I think we have also built some of these deadlines around some of the challenges that have been identified by Mr. Butler and also by the county, for example, your trial schedule.  So we are at the point where if Mr. Butler doesn't actively participate in this and really we can finish this discovery, and assume, on your end, the hope is to bring a dispositive motion.

\*\*\*

And really, I think that the Court and defense counsel have worked to make the schedule workable for Mr. Butler.  Now, we don't know what's going on right now.  There might be a good reason why he's not on this call.  But he's apparently not offered the Court or defense counsel any reason for not being in touch.

So I will reset these dates one more time.  Right now, we'll pick a date for a conference.  But Mr. Butler is on notice.  It will be included in the order that if he fails to comply with the schedule, except for some emergency circumstances, that the Court will seriously entertain the defendants' anticipated motion to dismiss for want of prosecution because this has been an extraordinary expenditure of the county and the [C]ourt's resources to accommodate these circumstances.

And it's not fair to the Court or to the public, who's paying for this this, or to the county and the defendants who are dealing with the public that's paying for the defense. . . . If he wants to move it ahead, Mr. Butler needs to do it himself and with the timelines that have been or will be reset, yet again.

ECF No. 42 (Tr. 11:6-13:8).  Toward the conclusion of the conference, the Court stated:

"Hopefully, he fully understands that this is approaching his last chance to really get on board with the discovery schedule that is set and move the case to motion practice or trial, whatever it is that happens now."  ECF No. 42 (Tr. 16:6-9).

The Court held a telephone conference on August 16, 2022, which Plaintiff failed to attend.  ECF Minute Entry 8/16/22.  During the August conference, Defendants' counsel informed the Court that Plaintiff still had not provided written responses to Defendants' discovery requests.  ECF No. 51 (Tr. 2:23-3:6).

By Order dated August 16, 2022, the Court denied Plaintiff's request for counsel, stating "[b]ecause Plaintiff has failed to participate regularly in this litigation, it would not be a reasonable use of judicial or attorney resources to appoint counsel to represent [Plaintiff]."  ECF

Order 8/16/22.  The Court also denied Plaintiff's requests relating to discovery, and it granted

Defendants' discovery motion as unopposed.  Id.  The Court issued the following Order:

> The County Defendants' motion to stay discovery and other deadlines is granted
> because of Plaintiff Mr. Butler's continuing non-participation, the history of
> which was summarized in the Court's record of the 7/21/2022 telephone
> conference, the transcript of which is at 42.  On or before 9/6/2022, the County
> Defendants will initiate motion practice before the District Judge to dismiss this
> action for want of prosecution and/or as a discovery sanction.  The County
> Defendants are referred to the District Judge's Individual Rules.

Id.  The Court mailed the Order and docket sheet to Plaintiff's Port Jefferson Station address, and

also emailed them to Plaintiff.

### b. Discovery Issues

With regard to discovery, to summarize, over the more than two years of proceedings, the

Court repeatedly addressed the need for discovery to move ahead.  During the March 18, 2020

conference, the Court discussed service and identification information.  ECF No. 17.

Defendants' counsel made this information available in June 2020.  ECF Order 6/25/20; ECF

No. 18.  During the November 4, 2020 conference, the Court set an initial discovery schedule.

ECF Order 11/4/20.  Under the initial schedule, the parties' initial disclosures were due in

December 2020; initial document requests and interrogatories were to be served in January 2021;

and the Court scheduled a discovery telephone conference "to discuss the status of discovery and

plan for continuing discovery."  Id.  During the February 2021 conference, for which Plaintiff

did not appear, Defendants' counsel reported that Plaintiff had "not contacted Defendants'

counsel or engaged in discovery."  ECF Order 2/23/21.  During the March 25, 2021 conference,

the Court agreed that Defendants would initiate motion practice under Federal Rules of Civil

Procedure 37 and 41 before the District Judge, given Plaintiff's failure to participate in discovery

or to communicate with the Court or Defendants' counsel.  ECF Order 3/25/21; see ECF Nos.

27-28.  Plaintiff only communicated with the Court about five months later by filing a notice of change of address and requesting a conference.  ECF No. 31.  In his letter, Plaintiff stated that he had had four deaths in his family since 2021; that he had had to have surgery; and that he was incarcerated again.  Id.  He did not explain why he had been unable to provide the Court with at least a brief update and change of address over the previous five months.  Id.  In a letter sent in mid-September, Plaintiff asked the Court for copies of the papers in the case because he was incarcerated.  ECF No. 32.  Plaintiff wrote that he needed his papers "so I could start my discovery request.  I assure you that I am still pursuing this case."  Id.  During the October 5, 2021 telephone conference, Defendants' counsel withdrew the motion to dismiss.  ECF Order 10/5/21.  The Court reset the discovery schedule so that Plaintiff would mail his discovery requests to Defendants' counsel, and Defendants' counsel would mail Plaintiff copies of Defendants' previously served discovery requests and blank releases by October 19th.  Id.  Plaintiff was informed that he had 30 days to respond to Defendants' requests and to provide the executed releases.  Id.  The parties later agreed to a confidentiality stipulation.  ECF Nos. 33, 34.

Plaintiff wrote to the Court claiming that Defendants were not responding to discovery requests.  ECF No. 35.  Plaintiff failed to participate in the next conference, so the Court did not hear from Plaintiff about his alleged difficulties with Defendants' production.  ECF Order 12/14/21.  During the conference, Defendants' counsel informed the Court that Plaintiff had not contacted them.  Id.  Plaintiff was ordered to inform the Court whether he wished to continue the litigation.  Id.

A letter from Plaintiff that had been mailed on December 13, 2021, a day before the conference, was received by the Court on December 15th after the conference; in it, Plaintiff stated that he was in a 28-day treatment program.  ECF No. 36.  In his letter, Plaintiff did not

provide any information about his intention with regard to the lawsuit or any discovery update. Id.  The Court scheduled a conference on January 26th that would accommodate the dates of Plaintiff's treatment program, ECF Order 1/3/22, but Plaintiff did not participate in the call, ECF Minute Entry 1/26/22.  The Court scheduled another conference, which had to be rescheduled, but was held on April 13th.  ECF Minute Entry 4/13/22.  The Court discussed with Plaintiff and Defendants' counsel Plaintiff's failure to provide discovery to Defendants; during the call, Plaintiff indicated that he would provide written responses to the discovery requests.  ECF Order 4/13/22.  Plaintiff and Defendants' counsel were also directed to review the production that Defendants intended to make.  Id.  During a May 2022 conference, the Court again directed Plaintiff to provide responses to Defendants' discovery requests, this time by June 3, 2022.  ECF Order 5/17/22.

Plaintiff wrote to the Court to complain about the technical issues of the computer disks that were a part of Defendants' discovery production, ECF No. 40, which was an issue that had been raised by Defendants' counsel during the April 13th conference, ECF Order 4/13/22. Defendants' counsel made a letter motion to compel because Plaintiff had still not produced his discovery responses approximately eight months after they had been promised during a Court conference.  ECF No. 41.  Defendants' letter also responded to Plaintiff's complaint about the disks that this was the same issue that had been previously addressed at a conference and offering to continue to work to resolve Plaintiff's concern.  Id.  The Court reset the final discovery schedule and related dates during the July 21st conference.  ECF Order 7/21/22.  The Court granted Plaintiff's motion to compel at [41] as unopposed during the 8/16/22 conference but stayed Defendants' discovery in light of Plaintiff's nonproduction of discovery.  ECF Order 8/16/22.  By letter dated September 27, 2022, Plaintiff informed the Court of additional family

matters and health troubles; complained again about the computer disks that Defendants had produced (despite the fact that the technical issues had been made known to Plaintiff several months prior); and stated that "I do wish to proceed with this lawsuit."  ECF No. 45.  The Court denied Plaintiff's request for a telephone conference.  ECF Order 9/30/22.

As to Plaintiff's discovery concerns, after Plaintiff failed to respond to Defendants' discovery requests, Plaintiff was ordered to produce his discovery requests and responses to Defendants' counsel.  ECF Order 10/5/21.  In December 2021, Plaintiff filed a letter regarding a discovery dispute, ECF No. 35, but Plaintiff failed to appear for the conference to discuss his position, ECF 1/26/22 Minute Entry.  During the April 13, 2022 conference, the Court addressed discovery issues, including re-setting a schedule for the parties to exchange information and for the parties to coordinate Plaintiff's review of Defendants' discovery materials.  ECF Order 4/13/22.  During the May 2022 conference, the Court ordered a schedule for Plaintiff to respond to Defendants' discovery requests, which he had not yet done, and for Plaintiff's deposition.  ECF No. 39.  Plaintiff and Defendants each filed letters regarding discovery.  ECF Nos. 40-41.  During the July 21, 2022 conference, which Plaintiff did not attend, Defendants' counsel reported that she had not heard from Plaintiff since the computer disks containing discovery had been provided to him.  ECF No. 42 (Tr. 2:18-21).  Defendants' counsel also noted that Plaintiff had not responded to Defendants' discovery requests.  Id. (Tr. 3:14-25); ECF No. 41.  The Court granted Defendants' motion to compel discovery as unopposed but stayed Defendants' discovery in light of the anticipated motion to dismiss.  ECF Order 8/16/22; ECF No. 40.

As to discovery produced to Plaintiff, according to Defendants' counsel,

As had been explained to the Court and Mr. Butler, personally, ad nauseam, the discs require a certain type of software and a very old computer that the county possesses, and we made arrangements for him on numerous occasions to come in and watch them, some of which he didn't show up at all and other times where he

13

> indicated he couldn't be there until 3:30 or 4:00. The duration of these discs is
> approximately seven hours.
>
> He insisted on taking the discs on his own as a result of that, which is fine, but
> then complained that he couldn't watch them, which we told him would be the
> case to begin with.

ECF No. 42 (Tr. 3:2-13).  The Court ordered Plaintiff to communicate with Defendants' counsel

about the review of the discs.  ECF Order 7/21/22.

Thus, more than two and a half years after the litigation was commenced, paper discovery

had not yet been completed despite the diligent efforts of the Court and Defendants' counsel to

coordinate discovery.

On September 6, 2022, Defendants filed a second motion to dismiss for want of

prosecution and as a discovery sanction, which also included a copy of the transcript of the July

21, 2022 telephone conference.  ECF Nos. 43-44.  In their motion, Defendants briefly recounted

the procedural history of the case, which is largely recounted above.  In addition, Defendants

provided information about the effect of Plaintiff's conduct on Defendants.  Defendants stated:

". . . we have never been able to complete paper discovery due to Plaintiff's repeated failures to

comply with discovery orders of the Court."  ECF No. 43 at 1.

The Court received a letter about discovery from Plaintiff, ECF No. 45, in which Plaintiff

explained some of his delays as being based on family and health issues.  The Court denied

Plaintiff's requested relief without prejudice in light of the stay issued on August 16, 2022.  ECF

Order 9/30/22.  The Order included the following: "Plaintiff's attention is directed to

Defendants' motion at 43 to dismiss for lack of prosecution.  Any opposition should be directed

to the District Court's attention, which will determine if the opposition is timely.  If the action is

not dismissed, the parties should contact the Magistrate Judge for a discovery schedule."  Id.

This Order was also mailed to Plaintiff at his Port Jefferson Station address.  The District Court

referred the motion to the undersigned and ordered the Clerk of Court to mail the Order to Plaintiff, which it did.  ECF Order No. 46.  On October 7, 2022, this Court issued the following Order, which was mailed to Plaintiff: "The District Court has referred the motion to dismiss to the Magistrate Judge.  Plaintiff may file an opposition by 10/25/2022.  Defendants may reply by 11/9/2022.  Plaintiff should mail his opposition to United States District Court for the Eastern District of New York, Attn: Clerk's Office / U.S.M.J. Scanlon, 225 Cadman Plaza East, Brooklyn, New York 11201."  ECF Order 10/7/22.  On November 8, 2022, the Court entered the following Order, which was also mailed to Plaintiff: "The Court has not received an opposition to the motion to dismiss at 43 from Plaintiff.  Any opposition must be served and filed immediately by mailing it to Defendants' attorney and the Court at United States District Court for the Eastern District of New York, Attn: Clerk's Office / U.S.M.J. Scanlon, 225 Cadman Plaza East, Brooklyn, New York 11201."  On November 17, 2022, Defendants filed a "reply", urging the Court to grant the motion to dismiss.  ECF No. 47.  In Defendants' reply dated November 17th, counsel noted that Plaintiff had not had contact with Defendants' counsel "in more than six (6) months."  ECF No. 47 at 1.

The Court has not heard from Plaintiff since it received his letter at the end of September, and, in particular, it has not received an opposition to the motion to dismiss.  ECF No. 45.

## 2.  RELEVANT LAW

Defendants bring their motion to dismiss under both FRCP 41 for failure to prosecute, and FRCP 37 as a discovery sanction.  The Court provides the standards for each of these motions below, but notes that these two motions are often brought together and the factors to be analyzed overlap.  See, e.g., Nelson v. VanHosen, No. 9:20 Civ. 0258 (GLS) (CFH), 2022 WL

605741, at *2-3 (N.D.N.Y. Feb. 1, 2022), report & recommendation adopted sub nom., Nelson v.

VanHoesen, No. 9:20 Civ. 258 (GLS) (CFH), 2022 WL 602651 (N.D.N.Y. Mar. 1, 2022).

### a.  Dismissal Under FRCP 41(b)

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in

combination with "the inherent power of a court to dismiss for failure to prosecute, a district

judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of

prosecution, and such dismissal is largely a matter of the judge's discretion."  Taub v. Hale, 355

F.2d 201, 202 (2d Cir. 1966); see West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y.

1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a

case for the plaintiff's failure to prosecute.").

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh

remedy to be utilized only in extreme situations," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d

206, 209 (2d Cir. 2001) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir.

1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts," Link v. Wabash R.R. Co., 370

U.S. 626, 629-30 (1962).  In determining whether to dismiss an action for failure to prosecute

under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether [the] plaintiff was on notice that failure to comply would result in
> dismissal, (3) whether the defendants are likely to be prejudiced by further
> delay in the proceedings, (4) a balancing of the court's interest in managing its
> docket with the plaintiff's interest in receiving a fair chance to be heard, and
> (5) whether the judge has adequately considered a sanction less drastic than
> dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original) (quoting Lucas v.

Miles, 84 F.3d 532, 535 (2d Cir. 1996)).  No one factor is dispositive.  See Nita v. Connecticut

Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).  In the final assessment, the record must

be viewed "as a whole" in order to determine whether dismissal is warranted.  United States ex

rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New

York, 992 F.2d 458, 461 (2d Cir. 1993)); Lopez v. Pichardo 2230 Restaurant Corp., 734 Fed.

Appx. 16, 17 (2d Cir. May 16, 2018) (summary order).  The Second Circuit has cautioned that

"district courts should be especially hesitant to dismiss for procedural deficiencies where, as

here, the failure is by a pro se litigant."  Lucas, 84 F.3d at 535.  That said, the latitude afforded to

unrepresented parties does not exempt them from diligently prosecuting their cases; pro se

litigants are still "required to attempt to comply with procedural rules, especially when they can

be understood without legal training and experience."  Yadav v. Brookhaven Nat'l Lab'y., 487 F.

App'x 671, 672 (2d Cir. Nov. 7, 2012) (summary order) (affirming dismissal for failure to

prosecute where pro se litigant did not respond to discovery for three months); Ruzsa v.

Rubenstein & Sendy Att'ys at L., 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (characterizing

a delay of nearly eight months as a "delay of significant duration" warrants dismissal for failure

to prosecute (citing Drake, 375 F.3d at 254)).  When a plaintiff's delay is "lengthy and

inexcusable," prejudice can be presumed.  Drake, 375 F.3d at 256.  Where the court affords a

plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[,]" Ruzsa,

520 F.3d at 177–78, the court has satisfied its obligation to give a party a fair opportunity to

litigate the party's claims.  A court may consider the impact of a plaintiff's conduct on the

defendants, such as a party's frustration of its adversary's ability to make progress in a case due

to the party's lack of communications and responses to inquiries.  See, e.g., Nelson, 2022 WL

605741 at *2-3.

Last, "noncompliance with court orders undermines the ability of the [c]ourt to manage its docket and dispense justice to all litigants in an expeditious manner." Mahoney v. City of New York, No. 12 Civ. 6717 (PKC) (KNF), 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). A party's continual delay or neglect of an action may interfere with the efficient management of the docket and deny other parties the right to be heard by the court on motion or by trial.

**b. Dismissal As A Discovery Sanction**

A court may dismiss an action a sanction for repeated discovery violations, even where the plaintiff is proceeding pro se.  "[A]ll litigants, including pro ses, have an obligation to comply with court orders." Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988)).  As a sanction for failing to comply with a discovery request or a discovery order, including an order to produce documents under FRCP 34, a court may issue a variety of sanctions, including dismissing the action or proceeding in whole or in part.  See FRCP 37(b)(2)(A)(v), (d)(1)(A)(ii). The court may consider the full record in selecting the appropriate sanction.  See Southern New England Telephone Co. v. Global NAPs, Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citing Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).  The factors for a court to consider in evaluating whether a party's noncompliance merit the exercise of discretion to dismiss the action align closely with the Rule 41 factors outlined above.  In considering such sanctions, the court may look at a pro se plaintiff's pattern of failing to comply with the court's discovery orders. The court should also consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)

(quoting Nieves, 208 F.R.D. at 535 (additional citations omitted)) (dismissing action where plaintiff failed to comply with discovery orders over a six-month period, despite the court's orders as to the possibility of sanctions); see In re Fosamax Prods. Liab. Litig., No. 08 Civ. 3206 (JFK), 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013) (finding willful failure to comply with discovery order where plaintiff's counsel was sent multiple letters and emails, failed to respond to a motion to dismiss, and did "not claim[ ] that her noncompliance was caused by forces beyond her control"); Amatangelo v. National Grid USA Serv. Co., No. 04 Civ. 246S(F) (WMS), 2007 WL 4560666, at *8 (W.D.N.Y. Dec. 18, 2007) (citing 3801 Beach Channel, Inc. v. Shvartzman, No. 05 Civ. 207 (CBA) (JO), 2007 WL 2891119, at *4 (E.D.N.Y. Sept. 28, 2007)); Wilson v. Cabrini Ctr. for Nursing & Rehab., No. 04 Civ. 608 (FB) (LB), 2007 WL 1343673, at *2 (E.D.N.Y. Apr. 17, 2007) (finding willfulness when a pro se plaintiff failed to appear for two depositions and "remained completely silent for almost four months afterwards").

In assessing a party's discovery progress, the court should consider whether the party has had a fair chance to advance the party's effort to vindicate its rights, but that opportunity need not be open-ended and without limitation. For example, the court may consider whether it has given a party multiple opportunities to comply with discovery requirements. See Andretta v. City of New York, No. 21 Civ. 5783 (LJL), 2022 WL 4237125, at *2 (S.D.N.Y. Sept. 14, 2022). The court may also consider the impact of a party's conduct on the other players in a litigation because inactivity or inadequate activity may not be without consequence for the other parties. For example, in Nieves, in which the action was dismissed as a discovery sanction, the court considered that the plaintiff had not provided a "full and adequate response" to the defendant's discovery request in the two years since it had been issued, such that the consequence was that "the progress of the litigation has been stonewalled," and that the plaintiff's "continued refusal to

permit discovery has protracted this litigation beyond its natural life." 208 F.R.D. at 535-36.

The Nieves Court held that because of the plaintiff's conduct, "the merits of this case elude

determination." Id.

The Second Circuit also observed that "dismissal pursuant to Rule 37 is appropriate 'not

merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter

those who might be tempted to such conduct in the absence of such a sanction.'" Agiwal, 555

F.3d at 303 (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643

(1976)).

3. **DISCUSSION**

The Court respectfully recommends that the District Court hold that dismissal of

Plaintiff's action for failure to prosecute under Rule 41(b) and for discovery sanctions under

Rule 37 be granted, and the action be dismissed without prejudice.

a. **Rule 41(b) Analysis**

As to the first factor under Lucas, Plaintiff's compliance with the Court's scheduling

orders and orders to maintain contact with the Court was dismal and supports the dismissal of

this action under FRCP 41. In summary, Plaintiff failed to attend half a dozen Court telephone

conferences despite repeated advance notice of the schedule for each conference. See, e.g., ECF

Minute Entry 8/16/22; ECF Minute Entry 7/21/22; ECF Minute Entry 1/26/22; ECF Minute

Entry 12/14/21; ECF Minute Entry 3/25/21; ECF Minute Entry 2/23/21. Plaintiff failed to

update the Court with his new contact information on multiple occasions, ECF Order 7/21/22;

ECF Order 12/14/21; ECF No. 29; ECF Order 2/23/21, despite the Court's warnings that he was

required to do so, ECF Order 12/14/21; ECF Order 10/5/21; ECF No. 28. Although this could be

characterized as a minor administrative error, this failure meant that on numerous occasions

neither the Court nor Defendants' counsel could contact Plaintiff and get any update on matters. It meant that the Court and Defendants' counsel wasted effort trying to communicate with Plaintiff. For example, the Court's email to Plaintiff bounced back, ECF Order 7/21/22; U.S. mail was twice returned as undeliverable to the Court, ECF Nos. 38, 29, and to Defendants' counsel, ECF No. 27. More substantively, Plaintiff failed to participate regularly in discovery such that as Defendants stated in their motion to dismiss, paper discovery was not complete more than two years after the action was commenced. Plaintiff has never responded fully in writing to Defendants' discovery inquiries, and Plaintiff has not viewed Defendants' video productions, although Plaintiff blames Defendants for his technical difficulties. Id.

Second, Plaintiff was warned on multiple occasions that failure to comply with the Court's directives could result in dismissal of this action so there can be no surprise that the consequence of his inaction is the end of his case. See, e.g., ECF Order 7/21/22 ("Should Mr. Butler continue to fail to participate in this action by, among other things, not participating in Court conferences, not responding to discovery requests and not issuing discovery requests himself, and not making himself available for a timely deposition by the County attorney, the Court is likely to recommend that this action be dismissed should the County move to dismiss for failure to prosecute."); ECF Order 1/26/22 ("Plaintiff is informed that failure to participate in court conferences may result in the dismissal of the action for want of prosecution."); ECF Order 12/14/21 ("Plaintiff is informed that failure to comply with the Court's orders, including by keeping his address current and participating in conferences, may result in the dismissal of the action for want of prosecution."); ECF No. 28 ("Plaintiff may face dismissal of this action for failure to prosecute, pursuant to Fed. R. Civ. Pro. Rules 37 and 41, should he neglect to: cooperate in discovery, comply with the orders of the Court, and update his address on file.").

Third, the delay here is inexcusable.  Plaintiff has not complied with the Court's directives and has not taken steps to meaningfully advance this matter despite these multiple Orders directing him to do so.  In some communications with the Court and during conferences, Plaintiff provided some statements about his personal circumstances, including his incarcerations, medical problems and family deaths.  See, e.g., ECF Nos. 31-32, 45.  Plaintiff has not, however, made up for the extensive delays caused by these personal circumstances which the Court accommodated.  He has not explained why any of these circumstances kept him from participating in six Court conferences.  He has not explained why he did not keep the Court and Defendants' counsel up to date on his changing residences, telephone numbers and email. Plaintiff has not after almost two years of supervised discovery, completed his own paper discovery.  He has neither provided complete discovery, nor fully accessed the discovery Defendants were prepared to provide to him.  Id.  Instead, the Court has repeatedly amended the discovery schedule to deal with the dearth of discovery produced by Plaintiff.  The Court's adjustments of the discovery schedule should not be understood as acceptances of Plaintiff's dilatory conduct, but rather, simply revisions of the schedule that the parties faced because of the lack of paper discovery, which in turn delayed Plaintiff's deposition and Defendants' dispositive motion practice.  Although the Court acknowledges that Plaintiff's communications with the Court have described difficult personal and family circumstances such that some adjustment to Plaintiff's circumstances and to the COVID-19 pandemic were reasonable, that more than two years passed without Plaintiff producing sufficient paper discovery was unjustified.  The lack of Plaintiff's discovery production is especially problematic in light of the fact that Plaintiff was able to submit letters complaining about Defendants' production without making his own.  ECF Nos. 35, 40, 45.

Defendants' attorneys have not had communications from Plaintiff since the summer of 2022, except for the one letter to the Court. ECF No. 45. The Court has not received any communication from Plaintiff since late September 2022, despite three notices from the Court that Plaintiff may oppose Defendants' motion to dismiss for lack of prosecution. ECF No. 43; ECF Order 9/30/22; ECF Order 10/7/22; ECF Order 11/8/22.

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiff's right to due process and the opportunity to pursue his claims. As set forth above, Plaintiff has had more than three years to litigate his case and has failed to move the case beyond incomplete paper discovery. The Court conducted almost a dozen conferences in this case, and it has issued more than two dozen Orders in this case to push discovery forward. The burden on the Court and Defendants has been disproportionate to Plaintiff's effort to advance the case. In addition, Defendants' counsel made numerous appearances, pursued discovery, endeavored to communicate with Plaintiff and filed motions without Plaintiff making a commensurate effort. In the last four months, Plaintiff has not filed any communication with the Court. There is no reason to believe that Plaintiff will pursue this action and comply with Court orders in a way that will not unduly burden the Court or Defendants.

Fifth, the Court has further "considered the possibility of a less drastic sanction than dismissal." Kaplan v. Hezbollah, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, Plaintiff has not pursued the litigation with diligence, even taking into account his personal difficulties and COVID-19; has failed to comply with numerous Court's Orders; and has failed to communicate with any consistency with the Court or with Defendants' counsel, dismissal would be appropriate.

### b. **Rule 37 Analysis**

Plaintiff's failure to comply with the Court's multiple discovery orders merits an award of the sanction of dismissal. Plaintiff was repeatedly directed to provide written discovery to Defendants, but he failed to comply with these Orders. Given the multiple Orders that the Court provided Plaintiff with regard to the need to complete written discovery both during the conferences that he attended and with the written orders from those he did not attend, Plaintiff had sufficient notice of his obligations. See, e.g., ECF Orders 5/17/22 (Plaintiff's responses to Defendants' requests are due); 4/13/22 (Plaintiff directed to respond to discovery requests), 10/5/21 (Defendants' counsel re-sending discovery requests to which Plaintiff had not responded); 2/23/21 (Defendants' counsel reporting that Plaintiff had not engaged in discovery); 11/4/20; ECF Nos. 41 (Plaintiff still had not responded to Defendants' First Request for Production of Documents: "Previously he had been directed by the Court to comply with Defendants' discovery requests on multiple occasions and he failed to do so, as is exhibited by a review of the docket sheet."), 27 (Defendants' counsel reporting that Plaintiff had not produced necessary HIPAA authorizations or other discovery). Although Plaintiff suffered serious family difficulties over the course of this case, he does not explain why those experiences interfered with his discovery production over the entire period. His own health issues may also have derailed his production efforts for some of the period, but he does not explain how; instead, his correspondence simply describes the health issues and some of the treatments. Although the Court granted Plaintiff significant leeway in the discovery schedule because of these difficulties, Plaintiff's problems did not justify a two-year failure to produce. His failure to comply in the face of the many notices and over the extended period of time is a willful noncompliance. The Court has no confidence in the efficacy of lesser sanctions because the Court's warnings to date

over two years did not motivate Plaintiff to comply.  Although dismissal is a serious sanction,

this case cannot reasonably move forward given Plaintiff's failures in production because

Defendants do not have any clarity as to the scope of Plaintiff's physical injuries or his

attribution of responsibility for the various wrongs set forth in his complaint to the different

individual defendants.

## 4. CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court respectfully

recommends that the District Court find that dismissal of this action without prejudice under

Federal Rules of Civil Procedure 41(b) and 37 is appropriate.[2]

## 5. OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel.

The Court will mail a copy of this Report and Recommendation to Plaintiff at his last known

address as included in his most recent submission to the Court: Keith Terrell Butler, 1599 Route

112, Apartment 54, Port Jefferson Station, New York 11776.  Any written objections to this

Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days

of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a),

72(b).  Any requests for an extension of time for filing objections must be directed to District

Judge Kuntz prior to the expiration of the fourteen (14) day period for filing objections.  Failure

to file objections within fourteen (14) days will preclude further review of this Report and

Recommendation either by the District Court or Court of Appeals.  See Thomas v. Arn, 474 U.S.

140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to

---

[2] Although the Court respectfully recommends dismissal without prejudice, this dismissal is likely to bar Plaintiff from bringing this action again as the events alleged in the Complaint allegedly occurred more than four years ago, outside of the relevant statutes of limitation.

appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated: Brooklyn, New York
      January 25, 2023

                        *Vera M. Scanlon*
                        VERA M. SCANLON
                 United States Magistrate Judge

26